# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

The Sundance Co., LLC,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　　　:　　1:09-cv-03699-JOF
Intertek Testing Services, NA, Inc.,　　 :
　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:

## OPINION & ORDER

This matter is before the court on Defendant's motion to dismiss [2].

## Procedural History

Plaintiff, The Sundance Co., LLC, filed suit against Defendant, Intertek Testing Services, NA, Inc., in the Superior Court of Gwinnett County on November 5, 2009. As alleged in the complaint, Plaintiff manufactures a product known as "Chill Out & About," a portable cooling tray designed to keep food cold and prevent spoiling. Plaintiff had an opportunity to market its product on the QVC cable television channel. However, QVC required that Plaintiff's product meet all Food and Drug Administration testing requirements for plastic food containers before its segment would be permitted to air. Plaintiff purportedly contracted with Defendant to conduct these tests. It is Plaintiff's allegation that

Defendant failed to conduct the proper tests in a timely fashion, resulting in damage to Plaintiff of approximately $85,000, for the breach of contract alone and for damages arising out of the postponement of its appearance on QVC. Plaintiff's complaint raises causes of action of breach of contract, negligence, attorney's fees and expenses of litigation.

**Contentions**

Defendant filed the instant motion to dismiss alleging that it is not a party to the contract to conduct the testing. Defendant contends that the contract was formed between Plaintiff and Intertek Consumer Goods North America, but that Plaintiff sued Intertek Testing Services, NA, Inc. instead.

Plaintiff responds that Intertek Consumer Goods North America is not a legal entity as its name does not indicate any incorporated business form. Plaintiff further informs the court that "Intertek Consumer Goods North America" is not registered to do business in the state of Georgia. Plaintiff asserts its belief that "Intertek Consumer Goods North America" is a trade name of Defendant Intertek Testing Services, NA, Inc. Plaintiff supports this belief by stating that Defendant Intertek Testing Services, NA, Inc. is registered to do business in the state of Georgia, maintains a registered agent in Georgia and an office in Gwinnett County.

AO 72A
(Rev.8/82)

## **Discussion**

Exhibit A to Defendant's motion is the contract at issue in this litigation. In the upper left hand corner of the document is a logo with the name "Intertek." At the bottom of page one of the contract is the notation: "The word INTERTEK and the INTERTEK logo are trademarks of the Intertek Group plc group of companies, of which Intertek Consumer Goods North America is a member." The terms of the contract state that the proposal was made by Intertek Consumer Goods North America ITRK. *See* Contract, ¶ 1.0.

The court notes that Plaintiff alleged in its complaint that it believed Defendant Intertek Testing Services, NA, Inc. to be the North American subsidiary of Intertek Group, PLC, a public limited company incorporated under the laws of the United States. If Plaintiff is correct that Intertek Consumer Goods North America ITRK is simply a division or a trade name of Intertek Testing Services, NA, Inc., then suit against the division is a suit against the corporation itself. *See United States v. Hartley*, 678 F.2d 961, 989 n.46 (11th Cir. 1982) ("An unincorporated division of a corporation is not a separate entity, but is the corporation itself."), *abrogated on other grounds by United States v. Goldin Indus.*, 219 F.3d 1268 (11th Cir. 2000) (*en banc*). *See also Brand v. Southern Employment Service*, 247 Ga. App. 638, 639 (2001) ("use of a trade name for the business does not create a separate legal entity").

Defendant's motion to dismiss has done nothing to further elucidate the corporate relationship of the parties. Defendant's motion simply says that the contract was formed

3

with Intertek Consumer Goods North America and not Intertek Testing Services, NA, Inc. That assertion, however, is not a contradiction of Plaintiff's allegation that Intertek Consumer Goods North America ITRK is simply a division or a trade name of Intertek Testing Services, NA, Inc., which itself is the North American subsidiary of Intertek Group, PLC.

Because Defendant's response does not refute Plaintiff's allegations, the court will not grant Defendant's motion to dismiss at this time. The court grants Defendant leave to renew the motion should it be able to present information to demonstrate that Intertek Consumer Goods North America is a separate legal entity from Intertek Testing Services, NA, Inc. and/or Intertek Group, PLC.

The court notes that it generally has been the court's experience that parties are able to resolve these issues without court intervention and a consent to substitution of a defendant is presented to the court. It is not clear to the court why this was not done in the present circumstances. The court is not in the position to know at this point whether Intertek Consumer Goods North America has a corporate relationship with Intertek Testing Services, NA, Inc. If it does, it is not clear to the court why this process has been unnecessarily complicated.

4

**Conclusion**

The court DENIES WITH LEAVE TO RENEW Defendant's motion to dismiss [2].

**IT IS SO ORDERED** this 24th day of February 2010.


                                            /s  J. Owen Forrester
                                              J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)